ORIGINAL
FILED

2012 OCT 30 P 1: 14

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  LOCKE LORD LLP
   Regina J. McClendon (SBN 184669)
2  rmcclendon@lockelord.com
   44 Montgomery Street, Suite 2400
3  San Francisco, CA 94104
   Telephone: (415) 318-8810
4  Fax: (415) 676-5816

5
   Jason L. Sanders (SBN 230245)
6  jsanders@lockelord.com
   Marc D. Cabrera (Texas Bar No. 24069453;
7  *pro hac vice application to be filed*)
   mcabrera@lockelord.com
8  2200 Ross Avenue, Suite 2200
   Dallas, Texas 75201
9  Telephone: (214) 740-8000
   Fax: (214) 740-8800
10

11 Attorneys for Plaintiff
   LEHMAN BROTHERS HOLDINGS INC.
12

13          **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF CALIFORNIA**
14

15  LEHMAN BROTHERS HOLDINGS INC.,        CASE NO.: C 12    5571

16          Plaintiff,                                          DMR

17  v.                                    **COMPLAINT**

18  PARKSIDE LENDING, LLC, F/K/A ATLAS    1)   BREACH OF CONTRACT
    MORTGAGE LENDING, LLC, F/K/A ATLAS    2)   BREACH OF EXPRESS
19  MORTGAGE LENDING, F/K/A ATLAS              WARRANTY
    FINANCIAL,
20

21          Defendant.

22          Plaintiff Lehman Brothers Holdings Inc. ("Plaintiff" or "LBHI"), through its undersigned

23  counsel, for its Complaint against Defendant Parkside Lending, LLC f/k/a Atlas Mortgage Lending,

24  LLC f/k/a Atlas Mortgage Lending f/k/a Atlas Financial ("Defendant" or "Parkside"), hereby states

25  and alleges as follows:

26

27

28

**NATURE OF ACTION**

1.      Lehman Brothers Bank FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from Parkside pursuant to a written loan purchase agreement.  The loan purchase agreement specifically incorporates the terms and conditions of the seller's guide of Lehman's agent, Aurora Loan Services LLC ("Aurora").  The seller's guide sets forth additional duties and obligations of Parkside.  LBB subsequently assigned its rights and remedies under the loan purchase agreement and seller's guide related to the loans at issue in this litigation to LBHI.

2.      Parkside breached certain representations, warranties, and/or covenants that it made under the loan purchase agreement and seller's guide related to two mortgage loans that it sold to Lehman that require Parkside to repurchase them from LBHI and/or indemnify LBHI from the losses incurred on such loans where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained.

3.      Parkside acknowledged that it was required to repurchase one of the mortgage loans at issue and entered into an indemnification agreement with LBB and Aurora.  LBB and Aurora subsequently assigned their rights and remedies under that contract to LBHI.

4.      By this action, LBHI seeks to: (1) require Parkside, pursuant to the terms of the loan purchase agreement, seller's guide, and indemnification agreement, to repurchase the mortgage loans that Lehman purchased; and/or (2) recover money damages where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained.

**PARTIES**

5.      LBHI is a Delaware corporation with its principal place of business in New York.

6.      Parkside is a California limited liability company and its only two managing members, Alan A. Sagatelyan and Matthew J. Ostrander, are California citizens.  Parkside may be

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

served with process by serving its registered agent for service of process G. Bradley Hargrave at One Kaiser Plaza, Suite 445, Oakland, CA 94612, or wherever else he may be found.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between LBHI and Parkside, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Parkside resides in this District.

## INTRADISTRICT ASSIGNMENT

9.      Assignment is proper to the San Francisco or Oakland Division pursuant to Civil L.R. 3-2(c) and 3-2(d) because Parkside resides in San Francisco County, California.

## FACTUAL ALLEGATIONS

10.     LBHI incorporates by reference the allegations set forth above as though fully set forth herein.

11.     Lehman engaged in the purchase and sale of mortgage loans.

12.     At all relevant times hereto, Parkside engaged in the business of mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

13.     On February 24, 2005, Parkside entered into a written Loan Purchase Agreement (Servicing Released Transactions) (the "Agreement") with LBB.   The Agreement specifically incorporates the terms and conditions of the seller's guide ("Seller's Guide") of Lehman's agent Aurora. The Seller's Guide sets forth additional duties and obligations of Parkside.

14.     The Agreement and the Seller's Guide set forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including, but not limited to, the following: (a) purchase price; (b) delivery and conveyance of mortgage loans and mortgage loan

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

1    documents; (c) examination of mortgage loan files and underwriting; (d) representations, warranties,

2    and covenants regarding the parties and individual mortgage loans; and (e) remedies for breach of

3    the Agreement and Seller's Guide.

4        15.    Pursuant to the Agreement and Seller's Guide, Parkside sold various mortgage loans

5    to Lehman, including, but not limited to, Loan No. ******5744[1] of Carla Kennedy in connection

6    with the property located at 8122 Ney Avenue, Oakland, CA 94605 (the "Kennedy Loan") and Loan

7    No. ******1152[2] of Juan Mendoza and Maria Olvera in connection with the property located at

8    8572 Derwood Court, Elk Grove, CA 95624 (the "Mendoza Loan").

9

10       16.    LBB assigned all of its rights and remedies under the Agreement and Seller's Guide

11   to LBHI with respect to the Kennedy and Mendoza Loans.

12   **A.    REPRESENTATIONS, WARRANTIES, AND COVENANTS**

13       17.    With respect to each of the loans Parkside sold to Lehman under the Agreement and

14   Seller's Guide, Parkside made various representations, warranties, and covenants concerning the

15   mortgage loans including, without limitation, the following: (a) the validity of all mortgage loan

16   documentation; (b) the accuracy and integrity of all information and documentation used in making

17   the decision to originate the mortgage loans, including, but not limited to, borrower identity, income,

18   employment, credit, assets, and liabilities; (c) occupancy by the borrower of the property securing

19   the mortgage loan; (d) the ownership, nature, condition, and value of the real property securing the

20   respective mortgage loans; and (e) the conformance of the mortgage loans with applicable

21   underwriting guidelines and loan program requirements.

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

---

[1] Parkside Loan No. ******1047.

[2] Parkside Loan No. ******2159.

4

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

18.     Parkside also made various representations, warranties, and covenants that no errors, omissions, misrepresentations, negligence, fraud, or similar occurrences took place or were committed by any person involved in the origination of the mortgage loans it sold to Lehman.

19.     Parkside further made various representations, warranties, and covenants that it had, and has, the ability to perform its obligations under, and to satisfy all requirements of, the Agreement and Seller's Guide.

20.     With respect to certain mortgage loans that Parkside sold to Lehman, material problems were discovered that constitute breaches of the representations, warranties, and/or covenants contained in the Agreement and Seller's Guide.

21.     More specifically, with respect to the Mendoza Loan, Parkside breached certain representations, warranties, and/or covenants under the Agreement and Seller's Guide because it submitted a loan package to Lehman that, among other things, included a loan application that contains misrepresentations of borrower income and employment.

22.     The Agreement and Seller's Guide provide that in the event of Parkside's breach of its representations, warranties, and/or covenants, Lehman or its agent may demand that Parkside repurchase such loans and/or indemnify Lehman for all losses incurred on such loans where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained.

23.     Pursuant to the Agreement and Seller's Guide, any repurchase of a loan that breaches the representations, warranties, and/or covenants that Parkside made shall occur no later than thirty (30) days after the earlier of the date on which Lehman notifies Parkside of such breach or the date on which Parkside knows of such breach.

24.     Parkside was provided written notice of its breaches of the representations, warranties, and/or covenants that it made in the Agreement and Seller's Guide with respect to the

5

1    Mendoza Loan and demand was made that Parkside repurchase the Mendoza Loan and/or indemnify

2    LBHI for the losses it sustained on the Mendoza Loan.

3        25.    Parkside's breaches of the representations, warranties, and/or covenants that it made

4    in the Agreement and Seller's Guide with respect to the Mendoza Loan proximately caused material

5    and adverse effects upon LBHI, causing it to suffer losses with respect to the Mendoza Loan that it

6

7    would not have suffered had Parkside not breached the Agreement and Seller's Guide.

8    **B.    EARLY PAYMENT DEFAULT**

9        26.    Pursuant to the Agreement and Seller's Guide, Parkside is required to repurchase at a

10   specified price any mortgage loan that becomes an "Early Payment Default" loan and/or provide

11   indemnification for the losses sustained on any mortgage loan that becomes an Early Payment

12   Default loan.

13       27.    A loan becomes an Early Payment Default under the Agreement and Seller's Guide in

14   one of two ways.  For loans prior-approved by the purchaser, the loan becomes an Early Payment

15   Default if the borrower fails to make the first monthly payment due within 30 days of the payment's

16   due date.  For loans purchased pursuant to the seller's delegated underwriting authority, eligible for

17   delegated underwriting, or purchased in bulk transactions, the loan becomes an Early Payment

18   Default if the borrower fails to make the first or second monthly payment due within 30 days of each

19   such monthly payment's respective due date.

20

21       28.    The Agreement and Seller's Guide specify that Lehman or its agent may demand that

22   Parkside repurchase, and that Parkside shall repurchase, any mortgage loan that becomes an Early

23   Payment Default loan and/or indemnify Lehman for the losses sustained on such loan where

24   repurchase is not a viable option or does not offer complete relief for injuries that have been

25   sustained.

26

27

28

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

29.     Parkside sold the Kennedy Loan to LBB pursuant to its delegated underwriting authority.

30.     The Kennedy Loan became an Early Payment Default loan because the borrower failed to make the first and second monthly payment due within 30 days of each such monthly payment's respective due date.

31.     Notice was provided to Parkside that the Kennedy Loan became an Early Payment Default loan and demand was made that Parkside repurchase the Kennedy Loan.

**C.     THE INDEMNIFICATION AGREEMENT**

32.     After demand was made to repurchase the Kennedy Loan, Parkside acknowledged that the Kennedy Loan became an Early Payment Default loan and that it was required to repurchase the Kennedy Loan, and entered into an indemnification agreement (the "Indemnification Agreement") with LBB and Aurora.

33.     The Indemnification Agreement reserved all rights and remedies against Parkside contained in the Agreement and Seller's Guide.

34.     LBB and Aurora assigned their rights and remedies under the Indemnification Agreement to LBHI.

35.     Pursuant to the Indemnification Agreement, Parkside is obligated to indemnify LBHI for all losses sustained on the Kennedy Loan.

36.     Lehman demanded that Parkside indemnify and compensate LBHI for the losses it sustained on the Kennedy Loan.

37.     Parkside failed and/or refused, and continues to fail and/or refuse, to indemnify and compensate LBHI for the losses it sustained on the Kennedy Loan.

38.     Parkside's failure and/or refusal to honor its obligations under the Indemnification Agreement has proximately caused material and adverse effects upon LBHI, causing it to suffer

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

1  losses on the Kennedy Loan that it would not have suffered had Parkside honored its obligations

2  under the Indemnification Agreement.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract - Damages)

5      39.    LBHI incorporates by reference the allegations set forth above as though fully set

6  forth herein.

    40.    The Agreement, Seller's Guide, and Indemnification Agreement constitute valid and

8  enforceable contracts that are binding upon Parkside.

    41.    LBB, Aurora, and/or LBHI have substantially performed all of their obligations under

the Agreement, Seller's Guide, and/or Indemnification Agreement.

    42.    As set forth herein, Parkside has materially breached the Agreement and Seller's

Guide by: (a) breaching certain representations, warranties, and/or covenants that it made to LBB in

the Agreement and Seller's Guide with respect to the Mendoza Loan; and (b) breaching certain

representations, warranties, and/or covenants that it made to LBB in the Agreement and Seller's

Guide with respect to the Kennedy Loan and failing and/or refusing, and continuing to fail and/or

refuse, to indemnify LBHI for the losses it sustained on the Kennedy Loan after it became an Early

Payment Default loan.

    43.    Parkside was provided written notice of its breaches of the representations,

warranties, and/or covenants that it made in the Agreement and Seller's Guide with respect to the

Mendoza Loan and demand was made that Parkside repurchase the Mendoza Loan and/or indemnify

LBHI for the losses it sustained on the Mendoza Loan.

    44.    Also as set forth herein, Parkside has materially breached the Indemnification

Agreement related to the Kennedy Loan.  Demand was made that Parkside indemnify and

compensate LBHI for the losses it sustained on the Kennedy Loan, but Parkside failed and/or

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

1    refused, and continues to fail and/or refuse, to indemnify LBHI for the losses it sustained on the

2    Kennedy Loan.

3        45.    Parkside's breaches of the Agreement, Seller's Guide, and Indemnification Agreement

4    have resulted in actual and consequential damages in an amount to be proven at trial.

5
6        46.    All conditions precedent to LBHI's recovery have been performed, occurred, or

7    waived.

8                    **SECOND CLAIM FOR RELIEF**
9                **(Breach of Contract – Specific Performance)**

10       47.    LBHI incorporates by reference the allegations set forth above as though fully set

11   forth herein.

12       48.    In the alternative, LBHI seeks specific performance.

13       49.    The Agreement, Seller's Guide, and Indemnification Agreement constitute valid and

14   enforceable contracts that are binding upon Parkside.  The Indemnification Agreement reserved all

15   rights and remedies against Parkside contained in the Agreement and Seller's Guide.

16       50.    The contractual repurchase and indemnity provisions are definite.
17
18       51.    The Agreement, Seller's Guide, and Indemnification Agreement are just and

19   reasonable.

20       52.    LBB, Aurora, and LBHI have fully performed all of their obligations under the

21   Agreement, Seller's Guide, and/or Indemnification Agreement.

22       53.    As set forth herein, Parkside has breached the Agreement and Seller's Guide by: (a)

23   breaching certain representations, warranties, and/or covenants that it made to LBB in the

24   Agreement and Seller's Guide with respect to the Mendoza Loan; and (b) breaching certain

25   representations, warranties, and/or covenants that it made to LBB in the Agreement and Seller's

26
27   Guide with respect to the Kennedy Loan and failing and/or refusing, and continuing to fail and/or

28

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

refuse, to indemnify LBHI for the losses it sustained on the Kennedy Loan after it became an Early Payment Default loan.

54.    Also as set forth herein, Parkside has materially breached the Indemnification Agreement related to the Kennedy Loan by failing and/or refusing, and continuing to fail and/or refuse, to indemnify LBHI for the losses it sustained on the Kennedy Loan.

55.    Due to the unique and specific nature of mortgage loans intended for securitization and the real property securing the mortgage loans, LBHI has no adequate remedy at law for redress of Parkside's breaches of the Agreement, Seller's Guide, and Indemnification Agreement.

56.    LBHI is therefore entitled to an Order from this Court requiring specific performance by Parkside of its repurchase and/or indemnity obligations under the Agreement, Seller's Guide, and Indemnification Agreement.

## THIRD CLAIM FOR RELIEF
### (Breach of Express Warranty)

57.    LBHI incorporates by reference the allegations set forth above as though fully set forth herein.

58.    The Agreement and Seller's Guide constitute valid and enforceable contracts that are binding upon Parkside.

59.    LBB, Aurora, and LBHI have fully performed all of their obligations under the Agreement and Seller's Guide.

60.    With regard to each of the mortgage loans Parkside sold to Lehman under the Agreement and Seller's Guide, Parkside made various express warranties with respect to material facts concerning each loan as set forth in paragraphs 16 through 18 above.

61.    The express warranties contained in the Agreement and Seller's Guide were part of the basis of the bargain and agreement between Lehman and Parkside, and Lehman relied upon those warranties in executing the Agreement.

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

62.     Parkside materially breached such express warranties with respect to the Kennedy and Mendoza Loans.

63.     Parkside was notified of its breaches of the express warranties contained in the Agreement and Seller's Guide.

64.     Parkside failed and/or refused, and continues to fail and/or refuse, to remedy its breaches of the express warranties contained in the Agreement and Seller's Guide with regard to the Kennedy and Mendoza Loans.

65.     Parkside failed and/or refused, and continues to fail and/or refuse, to take adequate steps to remedy or to compensate LBHI for its breaches of the express warranties with regard to the Kennedy and Mendoza Loans.  Parkside's breach of its warranties was a proximate cause of material and adverse effects upon LBHI, causing it to suffer actual losses that it would not have suffered had Parkside honored its obligations.

## ATTORNEY FEES

66.     Pursuant to the Agreement, Seller's Guide, and Indemnification Agreement, LBHI is entitled to the recovery of its attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, LBHI respectfully requests that this Court enter judgment in its favor and against Parkside, as follows:

(a)     For all damages arising from or relating to Parkside's breaches of contract and breaches of express warranty, in an amount to be proven at trial;

(b)     For a decree of specific performance requiring Parkside to repurchase and/or indemnify LBHI under the Agreement, Seller's Guide, and/or Indemnification Agreement with respect to the Kennedy and Mendoza Loans.

(c)     For an Order of this Court requiring Parkside to immediately repurchase from LBHI the Mendoza Loan and indemnify LBHI from all losses sustained on the Kennedy Loan.

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

1    (d)    For recoverable interest;

2    (e)    For the costs and expenses of suit incurred by LBHI herein, including attorney fees

3    and costs; and

4    (f)    For such other relief as this Court deems just and proper.

5    Dated:  October 30, 2012                          Respectfully submitted,

6                                                      LOCKE LORD LLP

7

8

9    By:_____
                                                      Regina J. McClendon
10                                                    Jason L. Sanders
                                                      Marc D. Cabrera
11

12                                                    Attorneys for Plaintiff
                                                      LEHMAN BROTHERS HOLDINGS INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Locke Lord L.L.P.
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

12
COMPLAINT