LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
44 Montgomery Street, Suite 2400
San Francisco, CA  94104
Telephone:  (415) 318-8810
Fax:  (415) 676-5816

Jason L. Sanders (SBN 230245)
jsanders@lockelord.com
Marc D. Cabrera (*pro hac vice*)
mcabrera@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Fax: (214) 740-8800

Attorneys for Plaintiff
LEHMAN BROTHERS HOLDINGS INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., | CASE NO.: C-12-05571-DMR |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| PARKSIDE LENDING, LLC, F/K/A ATLAS MORTGAGE LENDING, LLC, F/K/A ATLAS MORTGAGE LENDING, F/K/A ATLAS FINANCIAL, | |
| Defendant. | |

Plaintiff Lehman Brothers Holdings Inc. ("LBHI") and Defendant Parkside Lending, LLC ("Parkside Lending" or "Defendant") (collectively, the "Parties" and individually the "Party") hereby stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of "Confidential Information" as that term is defined below.

**INTRODUCTION**

The subject matter of this case involves mortgage loans that Defendant sold to Plaintiff and Plaintiff's demand that Defendant repurchase the mortgage loans or otherwise indemnify Plaintiff for the losses sustained on such loans.  As a consequence, the disclosure and discovery processes will involve the exchange among the Parties of information that the law recognizes should be protected from public dissemination; specifically, the nonpublic personal information of borrowers and the confidential and proprietary information of the Parties, such as nonpublic pricing, schematics, designs, specifications, evaluations, competitive analyses, customer lists and other customer-related information, and other information entitled to protection.  The purpose of this Stipulated Protective Order (the "Order") is to establish the procedures by which such information shall be defined, designated, exchanged, and otherwise protected from public disclosure.

**LEGAL STANDARD**

A protective order is appropriate in this case to protect two categories of information likely to be exchanged between the Parties that the law recognizes warrants protection from public dissemination.  The first category is nonpublic personal information of borrowers of the mortgage loans at issue.  Under the Gramm-Leach-Bliley Act, every financial institution "has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). Consequently, courts recognize the need to fashion protective orders which will protect borrowers' nonpublic personal information.  *See, e.g., Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 497 (S.D. W. Va. 2003).  The second category of protected information in this case consists of confidential and proprietary information of the Parties, which the Federal Rules of Civil Procedure explicitly recognize warrant protection.  FED. R. CIV. P. 26(c)(1)(G).

**STIPULATION AND AGREEMENT**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the Parties, by and through their respective attorneys, hereby STIPULATE AND AGREE to the following Order:

1.    Any information, document, or thing produced in connection with this litigation that is reasonably believed by any Party or third party to contain or constitute: (1) nonpublic personal information; (2) confidential or proprietary information of such Party or a third party, including but not limited to nonpublic pricing, schematics, designs, specifications, evaluations, competitive analyses, customer lists and other customer-related information of such Party or third parties; or (3) other confidential material, may be designated as "Confidential" ("Confidential Information").  As used herein, Confidential Information may include, but is not limited to: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, electronic documents or data, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things, and (d) expert reports.  Before designating any Confidential Information, the designating Party's counsel shall make a good faith determination that the information warrants protection.  The handling of such Confidential Information shall be made in accordance with the terms of this Order.

2.    The designation of Confidential Information may be made by marking or otherwise identifying the material in writing as "Confidential."

3.    If a producing Party inadvertently fails to mark Confidential Information upon its production, such Party may subsequently designate such Confidential Information by giving written

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA 94104

1    notice to the receiving Party and providing properly marked or designated copies within thirty (30)

2    days of such notice.  Deposition transcripts and exhibits thereto may be designated as Confidential

3    Information on the record at the deposition and may also be designated as Confidential Information

4    for a period of thirty (30) days (or such longer period if the Parties so agree) after receipt of the

5    transcript from the court reporter.  Until the expiration of the period set forth in the preceding

6    sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall

7    be deemed Confidential Information until such time that the Party is required to make its

8    

9    confidentiality designations.

10           4.     At any time, if any Party believes that a document or other information which has been

11   designated as "Confidential" is not entitled to protection, that Party will promptly notify the

12   disclosing Party in writing of its objection, identifying the document or information which is the

13   subject of the objection and stating the basis for the objection.  Counsel for the Parties shall meet and

14   confer in person or by telephone (as required by Section 4(a)), to attempt to reach an agreement

15   regarding the confidential status of that document or information within ten (10) business days after

16   receipt of the objection.  If no agreement can be reached, the Party making the confidentiality

17   designation may seek relief from the Court to obtain confirmation that the document or information

18   was properly designated as confidential in accordance with the following procedures from its

19   

20   Standing Order:[1]

21          (a)     Resolution of Discovery Disputes

22                  In order to respond to discovery disputes in a flexible, cost-effective and efficient

23   

24   manner, the Court uses the following procedure.  The Parties shall not file formal discovery motions.

25   Instead, as required by the federal and local rules, the Parties shall first meet and confer to try to

26   

27   [1] Until the dispute regarding the confidential status of a document or other information is resolved, the document or
information will be treated confidential and be subject to the terms of this Order.  If the Party does not seek relief from
the Court in accordance with Section 4 herein, the document or information sought shall not be entitled to protection
28   under this Order.

resolve their disagreements. The meet and confer session must be **in person or by telephone,** and may not be conducted by letter, e-mail, or fax.  If disagreements remain, the Parties shall file a joint letter no later than five business days after the meet and confer session, unless otherwise directed by the court.  **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the Parties met and conferred in person or by telephone regarding all issues prior to filing the letter.   Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each Party's position with appropriate legal authority; and provide each Party's final proposed compromise before moving to the next issue.  The joint letter shall not exceed ten pages without leave of court.  **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments**.  In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed four pages, which shall include an explanation of why a joint letter was not possible.  The Parties shall submit one exhibit to the letter that only sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto.  No other information shall be included in any such exhibit.  No other exhibits shall be submitted without prior approval by the Court. The Court will review the submission(s) and determine whether formal briefing or proceedings are necessary.  **Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief"**.

In the event that a discovery hearing is ordered, the Court has found that it is often efficient and beneficial for counsel to appear **in person**.  This provides the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining available to rule on any disputes that counsel are not able to resolve.  For this reason, the Court expects counsel to appear in person. Permission for a Party to attend by telephone may be granted, in the Court's discretion, upon written request made at least one week in advance of the hearing if the

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective discovery hearing.  The facts establishing good cause must be set forth in the request.

In emergencies during discovery events (such as depositions), any Party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy.  If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

(b)   Chambers Copies and Proposed Orders

Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), Parties must lodge an extra paper copy of certain filings and mark it as a copy for "Chambers."  Please three-hole punch the chambers copy and submit it to the Oakland Clerk's Office.

Any stipulation or proposed order submitted by an e-filing Party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is efiled.  This address should only be used for this stated purpose unless otherwise directed by the Court.

(c)   Privilege Logs

If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed. R. Civ. P. 26(b)(5).  The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

(1) the title and description of the document, including number of pages or Bates-number range;

(2) the subject matter addressed in the document;

(3) the identity and position of its author(s);

(4) the identity and position of all addressees and recipients;

(5) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

(6) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.  Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

5.      All Confidential Information received from any producing Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including without limitation any other litigation or any business, competitive, or governmental purpose or function.  To that end, the Parties shall not distribute or disclose any Confidential Information received in this litigation to any third party (or any of the Parties' agents, consultants, officers, directors, employees, or representatives except on a need to know basis and pursuant to such agent, consultant, employee, officer, director, or representative's obligation to maintain the confidentiality of such document or information).  Furthermore, counsel shall make a reasonable and good faith effort to ensure that no documents or information disclosed in this litigation, including documents that are not designated as Confidential Information, are used for any prohibited purpose.

6.      Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential Information, shall not be disclosed except as set forth in paragraphs 7 and 8.

7.     Confidential Information may only be disclosed to the following persons:

(a)     Outside counsel of record for any Party to this action;

(b)     Paralegal, stenographic, clerical and secretarial personnel employed by counsel listed in (a) (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel);

(c)     In-house counsel employed by and/or outside counsel engaged by a Party and/or the affiliate of a Party to this action (including their attorneys and staff whose functions require access to such information), persons employed by a Party and/or the affiliate of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution, defense, and/or settlement of this action;

(d)     Insurers and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution, defense, and/or settlement of this action;

(e)     The Parties;

(f)     Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

(g)     Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

(h)     Any person identified on the face of any such Confidential Information as an author or as recipient thereof;

*Stipulated Protective Order – C-12-05571-DMR*

(i)    Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

(j)    Any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate;

(k)    Actual or proposed witnesses;

(l)    Any Party's internal public auditor, regulator, or other governmental entity with jurisdictional authority over the recipient;

(m)    Any arbitrator or mediator if this case is submitted to arbitration or mediation;

(n)    Law enforcement personnel;

(o)    Other persons whom the attorneys deem reasonably necessary to review the documents for the prosecution or defense of this lawsuit; and

(p)    Any person as ordered by the Court.

8.    The persons furnished, shown, or disclosed Confidential Information listed in (d), (k), and (o) above shall be provided with a copy of this Stipulated Protective Order and shall be advised of the obligation to maintain the Confidentiality designation. The persons furnished, shown, or disclosed Confidential Information listed in (a)-(c), (e)-(j), (l)-(n), and (p) shall be advised of the obligation to maintain the Confidentiality designation.

9.    The restrictions on the use of Confidential Information established pursuant to this Order do not apply to the use by a Party, person, or entity of the Confidential Information it produces.

10.    Notwithstanding the provisions of this Order, persons authorized to review Confidential Information under this Order may make generalized, non-specific disclosure of information derived from Confidential Information without revealing specific facts or figures of Confidential Information to senior executives of a Party as may be reasonably necessary in connection with the management, prosecution, and/or settlement of this litigation.   Such disclosure shall not include any detailed Confidential Information of the other Party and shall be as limited as possible for such executive(s) to make decisions with respect to this litigation.

11.    The provisions of this Order are without prejudice to the right of any Party to this Order to:

(a)    Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under federal law, material as to which the producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to federal law;

(b)    Seek to modify or obtain relief from any aspect of this Order; or

(c)    Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order.   This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

12.    Confidential Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions and oral arguments in this action, either as exhibits or as the basis for questions.  However, pleadings, briefs, or other papers quoting or discussing Confidential Information must be filed under the seal of the Court upon proper motion and order in accordance with Civil L.R. 79-5.  The Parties agree to cooperate to de-designate Confidential Information to be filed in Court filings to the largest extent possible so as to minimize the necessity to file information under seal.

13.    If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present.  The portions of the transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter.  If any document or information designated as Confidential pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be labeled with the appropriate designation.

14.    In the event of a hearing or trial in this matter at which any Party intends to present Confidential Information or materials designated hereunder to the Court or a jury, counsel for the Parties will meet and confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the designated information or materials, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding.  Counsel for the Parties shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

15.    Within ninety (90) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Information received under the

Locke Lord LLP
44 Montgomery Street, Suite 2400
San Francisco, CA  94104

provisions of this Order, shall be tendered back to the producing Party or its counsel, or, at the direction of the producing Party, destroyed except: (1) to the extent that any of the foregoing includes or reflects work product of the receiving Party (which work product may be maintained by counsel for the Parties, but not by the Parties themselves); (2) to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored in a manner so as to preserve its confidentiality; and (3) that counsel for the Parties, but not the Parties themselves, may maintain an archival copy of such material that shall not be shared, disseminated, or used in any way, including, but not limited to, against the producing Party, in accordance with its document retention policy, but for no longer than three years, at which time the Confidential Information shall be tendered back to counsel for the producing Party, or destroyed.[2]

16.    If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the producing Party with respect to such information and shall afford the producing Party reasonable opportunity to pursue formal objections to such disclosures.

17.    The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

18.    All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

---

[2] Parkside Lending is required to either destroy or return to its counsel or counsel for LBHI all Confidential Information received within ninety (90) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation in accordance with Section 15 herein.

**PROPOSED ORDER**

The   foregoing   STIPULATED   PROTECTIVE   ORDER   is   hereby   **ADOPTED**   and

**ENTERED** as an **ORDER** of the Court on this 16 day of April 2013.

_____

DONNA M. RYU
United States Magistrate Judge

SO STIPULATED:

Dated:  April 16, 2013                          LOCKE LORD LLP


                                                By: */s/ Regina J. McClendon*
                                                    Regina J. McClendon
                                                    Jason L. Sanders
                                                    Marc D. Cabrera

                                                Attorneys for Plaintiff

Dated:  April 16, 2013                          MEDLIN & HARGRAVE, PC


                                                By: */s/ Joshua A. Rosenthal*
                                                    Joshua A. Rosenthal

                                                Attorneys for Defendant

**CERTIFICATION**

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that she has obtained concurrence

regarding the filing of this document from the indicated signatories to the document.

Dated:  April 16, 2013                 By:     *Regina J. McClendon*
                                                Regina J. McClendon